**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| TONY MAYS, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
|   vs. | ) CAUSE NO. 1:04-cv-348-VSS/SEB |
| | ) |
| | ) |
| FRANK ANDERSON AND | ) |
| OFFICER JOSE PENA, | ) |
| | ) |
|   Defendants. | ) |

### ENTRY ON MOTION FOR PARTIAL SUMMARY JUDGMENT

This cause is before the court on the motion for partial summary judgment filed by defendants Frank Anderson and Officer Jose Pena. The motion is fully briefed, and the court, being duly advised, **GRANTS IN PART AND DENIES AS MOOT IN PART** the motion for the reasons set forth below.

SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." In determining whether a genuine issue of material fact exists, "a trial court must view the record and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *Robin v. Espo Engineering Corp.,* 200 F.3d 1081, 1088 (7th Cir. 2000). "The non-moving party, however, cannot rest on the pleadings alone, but instead must identify specific facts to establish that there is a genuine triable issue." *Bilow v. Much Shelist Freed Denenberg Ament & Rubenstein, P.C.,*

277 F.3d 882, 893 (7th Cir. 2001).  "[N]either presenting a scintilla of evidence, . . . nor the mere existence of some alleged factual dispute between the parties or some metaphysical doubt as to the material facts, is sufficient to oppose a motion for summary judgment.  *Robin*, 200 F.3d at 1088.  Rather, "[t]he party must supply evidence sufficient to allow a jury to render a verdict in his favor."  *Id.*  Further, it is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which it relies.  *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996).

## FACTUAL BACKGROUND

The facts taken in the light most favorable to plaintiff Tony Mays are as follow.  Mays was transferred from the Putnamville Correctional Center, where he was an inmate, to the Marion County Jail ("the Jail") on February 5, 2004, so that he could attend a court appearance scheduled for the following day.  While he was being booked into the Jail, an altercation occurred[1] between Mays and Officer Pena, and Mays was injured.  Following the altercation, Mays was given a shower to remove pepper spray with which he had been sprayed.  He was then taken to the Jail's medical clinic.  The clinic's records indicate that Mays was seen by Nurse Donna Gray, LPN, who noted that he had contusions, a bloody nose, and a painful jaw and that his eyes were swollen shut and his ear was swollen and tender to the touch.  Nurse Gray gave Mays Tylenol and an ice pack.  The records contain the following "late entry" notation from another nurse, Kelly Smith, RN:  "No apparent distress noted.  Agree [with] above assessment.

---

[1]The details of the altercation are in dispute, but they are irrelevant to the pending motion because the defendants have not moved for summary judgment on Mays's claim of excessive force against Officer Pena.

No [lacerations] noted." Mays testified at his deposition that he was not examined by Nurse Smith.

Mays was then taken to a cell. The next morning he was taken to court for his hearing, during which he told the judge about his injuries and the judge stated that he should be taken to the hospital. Instead, he was returned to his cell, where later that day he was found unconscious by a correctional officer. Mays was then taken to the hospital, where his eye was cut to relieve swelling , pain medication and antibiotics were prescribed, and an appointment with an ophthalmologist was scheduled for February 11, 2004. Instead, Mays was returned to the Putnamville Correctional Center on that date, and was taken to an ophthalmologist two days later. Several days after that he underwent surgery to repair a left orbital floor fracture.

## DISCUSSION

The defendants raise several issues in their motion, each of which is addressed in turn below.

### A.  Claims Against Sheriff Anderson

Mays has named as defendants Officer Jose Pena, the officer whom Mays alleges beat him, and Frank Anderson, who is the Marion County Sheriff. Mays's brief in response to the instant motion indicates that when he named Frank Anderson as a defendant, it was his intent to sue him in his official capacity, thereby suing the office of the Sheriff of Marion County.[2]

---

[2] Mays's brief actually suggests that he believes he has sued Marion County. However, the Sheriff of Marion County is "an independent official for whose acts the County bears no responsibility under the law of Indiana." *Estate of Drayton v. Nelson*, 53 F.3d 165, 167 (7th Cir. 1994). Therefore, it is the office of the Sheriff of Marion County, not the county itself, that is the proper official capacity defendant when official policies or customs of the Marion County Sheriff's Department are alleged.

To the extent that Mays seeks to hold the Sheriff of Marion County liable for the actions (or inaction) of the jail personnel, that claim is without merit. As the Seventh Circuit noted in rejecting a similar claim:

> Under § 1983, there is no respondeat superior liability. In order to prevail on an official capacity suit against the sheriff, the plaintiffs must show that an official policy or custom caused the injury. They must point to either an express policy which caused the injury, a widespread practice that is so well-settled as to amount to a policy, or that the sheriff had the final policymaking authority for the decisions regarding the medical treatment Perkins received. Although the jail had written policies and procedures for dealing with the medical needs of inmates, Perkins does not assert that any of the policies or procedures caused the harm that he suffered. He does not claim that as a policymaker the sheriff made a decision regarding the sort of treatment Perkins would receive. What he does claim is that various guards did not take seriously enough the condition he was in. But those guards are not defendants, and the sheriff cannot be held liable under § 1983, on a respondeat superior theory, for their actions.

*Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). Mays's claims in this case suffer the same deficiencies as did Perkins's claims. He points to no policy or custom within the Marion County Sheriff's Department that led either to his being beaten or to his failing to receive proper medical treatment, and he does not allege that Sheriff Anderson had any personal involvement in any of the relevant events.[3] Accordingly, Frank Anderson, as the Sheriff of Marion County, is entitled to summary judgment on all of Mays's claims against him.

### B. Claim of Deliberate Indifference to Medical Needs

Mays alleges that he should have been taken to the hospital immediately after he was

---

[3] To the extent that Mays suggests that the sheriff can be held liable for the actions of jail employees simply because he has "final policymaking authority" with regard to what happens within the jail, he misunderstands the applicable standard. It is well settled that a governmental entity may be held liable for constitutional deprivations only if they occur "as a result of either an express municipal policy, widespread custom, or deliberate act of a decision-maker with final policy-making authority." *Ineco v. City of Chicago*, 286 F.3d 994, 998 (7th Cir. 2002).

injured, and that the failure to provide him with adequate medical care for his injuries violated his rights under the Eighth Amendment "Prison officials violate the Eighth Amendment prohibition against cruel and unusual punishment when their conduct demonstrates deliberate indifference to the serious medical needs of prisoners." *Gil v. Reed*, 381 F.3d 649, 661 (7th Cir. 2004). The deliberate indifference inquiry is a subjective one:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer v. Brennan* 511 U.S. 825, *837, 114 S.Ct. 1970, 1979 (1994). In this case, there is no evidence that Officer Pena was deliberately indifferent to Mays's need for medical attention. Rather, the evidence is that Mays promptly was seen in the Jail's medical clinic; apparently the nurses decided that Mays did not need to go to the hospital that evening, and it was the decision of unidentified corrections officers not to take Mays to the hospital the next morning, either before or after his court hearing. Accordingly, Officer Pena is entitled to summary judgment on this claim.

### C. State Law Claims

The defendants move for summary judgment to the extent that the complaint can be construed to include any state law claims. Mays's complaint does not expressly state any state law claims, and Mays confirms in response to the instant motion that he did not intend to raise any such claim, which is not surprising, inasmuch as Mays did not file a Tort Claims Notice. Accordingly, the defendants' motion is denied as moot as to this issue.

CONCLUSION

For the reasons set forth above, the defendants' motion for partial summary judgment is **GRANTED** and summary judgment is entered in favor of defendant Sheriff Frank Anderson on all of Mays's claims against him and in favor of defendant Officer Pena on Mays's claim for failure to provide appropriate medical treatment. The motion is **DENIED AS MOOT** with regard to any state claims implicit in the complaint. Remaining in this case is Mays's claim against Officer Pena for excessive force.

SO ORDERED:  05/25/2005

_____
V. Sue Shields, Magistrate Judge

Copies to:

Jeffrey S. McQuary
OFFICE OF CORPORATION COUNSEL
jmcquary@indygov.org

Sherr'ee Dawn Mullins
ROBERTS & BISHOP
smullins@roberts-bishop.com  sdmullin@netzero.net

Kenneth T. Roberts
ROBERTS & BISHOP
ktrobatty@aol.com